**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**AILIN GARCIA,**                                                              **CASE NO.:**

      **Plaintiff,**

vs.

**PORTFOLIO RECOVERY ASSOCIATES, LLC**
**a foreign limited liability company,**

      **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Ailin Garcia ("Plaintiff"), by and through the undersigned counsel, and brings this action against, Defendant, Portfolio Recovery Associates, LLC, a foreign limited liability company ("Defendant"), for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq ("TCPA") and as grounds thereof would alleged as follows:

### Brief Introduction

1. This is an action for damages resulting from Defendant's relentless debt collection telephone calls using an automated telephone dialing system ("ATDS") and pre-recorded voice ("robo-call").

2. Both ATDS and robo-calls are unlawful when made to a cellphone, unless made with the recipient's prior express written consent.[1] However, even where consent is provided, the

---

[1] *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 27 FCC Rcd. 1830, 1844 ¶ 33 (2012); 47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 C.F.R. § 64.1200(a)(2.

call recipient has the absolute right to revoke consent by any reasonable means, this includes oral revocation.[2]

3. Under the TCPA, it is Defendant's burden to demonstrate that Plaintiff provided her prior express consent within the meaning of the statute and that this consent was not revoked.

## Jurisdiction, Parties, and Venue

4. Plaintiff is a natural person and citizen of the State of Florida.

5. Defendant, Portfolio Recovery Associates, LLC, is a foreign limited liability company, and is registered with the Florida Department of State as a foreign limited liability company.

6. This Court has federal jurisdiction jurisdiction because this case arises out of violation of federal laws: 28 U.S.C. § 1331 and 47 U.S.C. § 227(b).[3]

7. Venue is proper in this Court pursuant to 18 U.S.C. § 1391(b)(2) because Defendant's transact substantial business in Broward County, Florida, and the cause of action accrued in Broward County, Florida.

## Factual Allegations

8. On or about January 6, 2016 Plaintiff received an auto-dialed and/or pre-recorded call from Defendant on Plaintiff's cellular telephone.

9. Plaintiff contends that she did not and has not expressly consented to Defendant's ATDS calls to her cellular telephone.

10. Plaintiff also contends that she did not expressly consent and has not expressly consented to Defendant's robo-calls to her cellular telephone.

---

[2] *See In re Rules & Regulations Implementing the TeL Consumer Prot Act of 1991, II* 64, CG Docket No. 02-278, WC Docket No. 07-135, 2015 WL 4387780, F.C.C. (July 10, 2015); *Coniglio v. Bank of Am., NA.,* No. 8:14-cy-01628-EAK-MAP, 2014 U.S. Dist. LEXIS 149764, 2014 WL 5366248, at *3 (M.D. Ha. 2014) citing *Osorio v. State Farm Bank, F.S.B.,* 746 F.3d 1242, 1255 (11th Cir. 2014)
[3] *See Minis v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740 (2012).

11. Plaintiff thereafter received auto-dialed and/or pre-recorded calls from Defendant on Plaintiff's cellular telephone on the including, but not limited to, the following dates: January 12, 2016; January 20, 2016; January 30, 2016; February 9, 2016; February 25, 2016; March 11, 2016; April 11, 2016; June 16, 2016; June 17, 2016; June 20, 2016; June 21, 2016; July 2, 2016; August 9, 2016; August 11, 2016; September 24, 2016; October 5, 2016; October 28, 2016; November 1, 2016; November 7, 2016; and January 18, 2017.

12. The above referenced auto-dialed and/or pre-recorded calls from Defendant, were made using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

13. Defendant's phone calls placed to Plaintiff was not for "emergency purposes" as specified in 47 U.S.0 § 227 (b)(1)(A).

14. Defendant's telephone calls to Plaintiff's cellular telephone, which were placed through the use of an "artificial or prerecorded voice," or through an "automatic telephone dialing system" for non-emergency purposes, and in the absence of Plaintiff's prior express consent, violated 47 U.S.C. § 227(b)(1)(A).

15. Defendant's calls were time consuming and harassing to Plaintiff, and deprived Plaintiff of her statutorily created right to be free from such continued intrusion.

16. Upon information and belief, Plaintiff's experience is typical of that of other Defendant's customers, and that Defendant maintain a coordinated program of calling customers using an "automatic telephone dialing system" and/or "an artificial or prerecorded voice."

17. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## <u>VIOLATION OF THE TCPA</u>

18. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 17 as if fully set forth herein.

19. Defendant, or others acting on its behalf, placed a non-emergency phone call to Plaintiff's cellular telephone using an automatic telephone dialing system, and pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

20. Defendant continued and continues to make excessive and harassing calls despite never having prior express consent.

21. Defendant continued and continues to make such calls despite Plaintiffs explicit demand to stop the improper calls.

22. Defendant, willfully or knowingly violated the TCPA.

23. As a result, Plaintiff has suffered damages.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

a. $500.00 dollars in statutory damages for each TCPA violation;

b. $1,500.00 dollars in statutory damages for each knowing or willful TCPA violation;

c. a declaratory judgment that Defendant has violated Plaintiffs rights under the TCPA;

d. a permanent injunction prohibiting Defendant from placing non-emergency phone calls to Plaintiff's cellphone using an ATDS or pre-recorded and/or artificial voice;

e. actual damages as provided for in the TCPA;

f. reasonable litigation costs; and

g. such other and further relief as the Court deems proper.

**Demand for Jury Trial**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 15th day of May, 2018.

                                              Respectfully submitted,

                       By:   /s/ *Brendan A. Sweeney*
                               Sweeney Law, P.A.
                               Brendan A. Sweeney, Esq.
                               Florida Bar No. 14780
                               401 E. Las Olas Blvd., Suite 1400
                               Fort Lauderdale, Florida 33301
                               Primary email: bas@sweeneylawpa.com
                               Secondary: bmp@sweeneylawpa.com
                               Tel: (954)440-3993/Fax (954)252-4604